# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CIVIL ACTION NO. 3:25-CV-635-JHM

**NATHAN CLAYTON PADGETT** *et al.*                                    **PLAINTIFFS**

**v.**

**LAW ENFORCEMENT OFFICERS** *et al.*                                   **DEFENDANTS**

## MEMORANDUM

Plaintiffs Nathan Clayton Padgett and Alaina Letresia Michelle Padgett initiated this *pro se* civil action alleging violations of their civil rights and other claims. After Plaintiffs failed to comply with notices of deficiencies issued by the Clerk of Court (DNs 4 and 5), the Court ordered Plaintiffs to correct the following deficiencies on or before December 15, 2025: to sign the original complaint; to file an amended complaint on the Court's civil complaint form and tender a summons form for each Defendant; and to either pay the $405 filing fee or file an application to proceed without the prepayment of fees (DN 6).

The deadline has passed, and Plaintiffs have failed to comply with the Court's Order or to take any other action in this case. Upon filing the instant action, Plaintiffs assumed the responsibility to actively litigate their claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline,

there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiffs' failure to comply with the Court's prior Order, despite the warning of dismissal, warrants dismissal for failure to prosecute under Fed. R. Civ. P. 41(b). Therefore, by separate Order, the Court will dismiss the instant action.

Date:   December 30, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiffs, *pro se*
4414.010